# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LSS KAMMO, LLC,

    Plaintiff,

v.                                                    Case No. 10-10923

ECOLAB INC.,

    Defendant.
                                                   /

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Pending before the court is "Defendant's Motion for Summary Judgment." On March 8, 2010, Plaintiff LLS Kammo, LLC, commenced the instant case in this court against Defendant Ecolab Inc. alleging negligence by an employee of Defendant. Discovery proceeded without incident and concluded. Final witness lists were filed with the court.[1] On October 19, 2010, Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, asserting that Plaintiff cannot prove its negligence claim. Plaintiff filed a response on November 16, 2010, and an amended response on November 18, 2010.[2] On December 7, 2010, Defendant filed a reply.[3] Having reviewed

---

[1] The court observes, however, that Plaintiff filed its Final Witness List (Dkt. # 12) on September 7, 2010, one day later than required by the Scheduling Order (Dkt. # 7), and did not comply with the requirements of the Scheduling Order relating to the names and brief informative descriptions of expected testimony.

[2] The amended response was filed after the date to which the parties agreed by stipulation and without leave of court. However, the amended response appears to be substantially identical, aside from the inclusion of certain exhibits.

[3] The reply was filed substantially after the date required for such filing and without leave of court. However, the arguments included therein rebutted only

the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendant's motion.

## I. BACKGROUND

The parties agree on the material facts. In October 2008, Plaintiff hired Defendant to perform work on the water system of its hotel. From the hotel, unmarked water pipes ran to an unoccupied house on the property. During the course of performing work, Defendant's employee, Don Posgate, attached equipment to the water system in the hotel. Plaintiff alleges that Posgate also opened various valves, including those controlling water flow to the house, and did not close the valves upon completion of the work. (Def. Mot. Ex. E, Shawn Arnaout Dep. 56-57.) Secondary shut-off valves in the house were loose or detached when the valves were opened, or they became loose or detached before the valves were closed. While the valves were open, water escaped into the house, flooding it. After some time, the water began to spill out of front door of the house. This was the first point at which Plaintiff noticed the leaking water. Following the discovery of the flooding, Plaintiff closed the valves, and the water connection to the house was eventually removed. The house, however, was never repaired or cleaned, nor was the water removed from the house. (Def. Mot. Ex. E, Arnaout Dep., 99.) Plaintiffs filed suit in this case on March 8, 2010, and Defendant filed this motion for summary judgment on October 19, 2010, following the conclusion of discovery.

## II. STANDARD

---

arguments Plaintiff had failed to adequately make in its response. The court reviewed the reply, but the material presented therein was unnecessary.

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate

when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original) (citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III. DISCUSSION

Defendant's motion argues that Plaintiff is unable to prove negligence by Posgate for which Defendant could be held liable. As jurisdiction in this case is solely based upon diversity of citizenship, the court must apply the law of the State of Michigan. *Erie R.R. Co. v. Tomkins*, 304 U.S. 64 (1938); *Stalbosky v. Beleu*, 205 F.3d 890 (6th Cir. 2000). Under Michigan law, negligence comprises four elements: 1) duty, 2) breach of duty, 3) causation, and 4) injury. *Bialick v. Megan Mary, Inc.*, 780 N.W.2d 599, 602 (Mich. Ct. App. 2009) (citing *Case v. Consumers Power Co.*, 615 N.W.2d 17 (Mich. 2000)). Defendant argues that Plaintiff's case necessarily fails for lack of a breach of the duty of ordinary care, lack of proximate causation, and failure to mitigate damages.

4

## A. Breach of Duty

The existence of a duty upon which Plaintiff may base its negligence action must be determined as a matter of law. Friedman v. Dozorc, 312 N.W.2d 585, 591 (Mich. 1981). Michigan courts look to a number of factors in determining whether a duty exists, including:

> foreseeability of the harm, existence of a relationship between the parties involved, degree of certainty of injury, closeness of connection between the conduct and injury, moral blame attached to the conduct, policy of preventing future harm, and the burdens and consequences of imposing a duty and the resulting liability for breach.

*Baker v. Arbor Drugs, Inc.*, 544 N.W.2d 727, 730 (Mich. Ct. App. 1996). A legal relationship between the parties and foreseeability of the harm are necessary, though insufficient, for the court to find the existence of a duty. *In re Certified Question 14th Dist. Ct. Tex.*, 740 N.W.2d 206, 213 (Mich. 2007). Here, "foreseeability 'depends upon whether or not a reasonable man could anticipate that a given event might occur under certain conditions.'" *Moore v. Sky Chefs, Inc.*, 79 F. App'x 130, 135 (6th Cir. 2003) (quoting *Samson v. Saginaw Prof'l Bldg., Inc.*, 224 N.W.2d 843, 849 (Mich. 1975)). In the instant case, there can be no doubt that there was a legal relationship between the parties and the type of harm the occurred was foreseeable. In performing work upon Plaintiff's water system, Defendant had a duty to use care to avoid water damage to the property by its own acts.

A breach of a duty occurs when a party does not exercise "reasonable care" under the circumstances. *Case v. Consumers Power Co.*, 615 N.W.2d 17, 18 (Mich. 2000). "What constitutes reasonable care must be determined from the facts of the case," and thus is generally a question for the jury. *Riddle v. McLouth Steel Products*

*Corp.*, 485 N.W.2d 676, 682 (Mich. 1992). Plaintiff has demonstrated that there is a genuine issue of material fact regarding whether Posgate exercised reasonable care in opening and leaving open the valves. Although Defendant offers an expert opinion that it would not be reasonable to expect valves in the hotel to control water flow to the house, such statement misses the point. (Def. Mot. Ex. I, Listvan Report 2.) Whether the damage occurred in the hotel or a nearby structure, a reasonable jury could find that Posgate failed in using "reasonable care" when he opened the water valves without knowing what such action would do. Defendant's expert suggests as much in his deposition. (Pl. Resp. Ex. A, Listvan Dep. 30.) Even if opening the valves was reasonable under the circumstances, a reasonable jury could nonetheless find that negligence lay in not returning the valves to their original, closed position when the work was complete. Had the valves simply been connected to a leaky fixture within the hotel that subsequently caused substantial water damage, a jury might reasonably find negligence. The fortuitous connection of the valves to another structure does not relieve Defendant of its duty to exercise reasonable care. Nor is the lack of markings or labels on the valves dispositive, as reasonable care may require investigation of known unknowns such as the probable effect of opening a valve.

### B. Causation

Defendant also moves for summary judgment on the ground that Plaintiffs cannot establish proximate cause. The causation requirement in negligence comprises two distinct parts: causation in fact and proximate causation. *Skinner v. Square D Co.*, 516

N.W.2d 475, 479 (Mich. 1994) (citing *Moning v. Alfono*, 254 N.W.2d 759, 764 (Mich. 1977)). Causation in fact must be decided as a factual matter, determining whether the negligent action was a *sine qua non* of the injury. *Moning*, 254 N.W.2d at 765. As such, it is a question for the jury. Proximate cause analysis requires the determination of whether the results were a "natural and probable result of the negligent conduct." *O'Neal v. St. John Hosp. & Med. Ctr.*, 487 Mich. 485, 496 (Mich. 2010) (citations omitted). Where this question ultimately depends on facts in dispute, the determination must be given to the jury to find whether the facts are such that proximate cause exists. The issue of whether certain facts establish proximate cause, however, remains a question of law for the court. *Gillam v. Lloyd*, 432 N.W.2d 356, 364 (Mich. Ct. App. 1988) (citing *Moning*, 454 N.W.2d at 766). Therein lies the distinction between proximate and actual causation: the former is a question of law, while the latter is a question of fact.

Causation in fact is a genuine issue of material fact for the jury in this case. Although neither party asserts the flooding would have occurred but for the opening of the valves, the parties appear to dispute whether Posgate opened the valves. As Defendant correctly notes, Plaintiff may not rely upon a theory of *res ipsa loquitur* to prove causation, as neither the house nor the valves were in the exclusive control of Defendant. *See Gadde v. Mich. Cons. Gas Co.*, 139 N.W.2d 722 (Mich. 1966); *Hasselbach v. TG Canton, Inc.*, 531 N.W.2d 715, 717 (Mich. Ct. App. 1995). This does not preclude Plaintiff from showing causation in fact through direct or circumstantial evidence that Posgate opened the valves, which caused the damage. Here, there is circumstantial evidence that Posgate was the only one working on the water system or

with reason to turn the valves during the relevant period. A reasonable jury, after hearing the testimony of all parties, could conclude that Posgate did in fact open the valves.

Proximate cause must be decided by the court, based primarily upon foreseeability. A cause in fact is also a proximate cause only if the risk of harm is a foreseeable result of the action. *Skinner*, 516 N.W.2d at 479; *Moning*, 254 N.W.2d at 765. Foreseeability, however, requires more than a mere possibility, supported by speculation as to any conceivable risk. An act is a proximate cause only if the result is "natural and probable." *O'Neal*, 487 Mich. at 496; *Kaiser v. Allen*, 746 N.W.2d 92, 95 (Mich. 2008) (citing *Shinholster v. Annapolis Hosp.*, 685 N.W.2d 275, 281 (Mich. 2004)). In its motion, Defendant argues that it cannot be found to have proximately caused the damage because no damage would have occurred absent the failure of the secondary shut-off valves in the house. While Defendant correctly notes that the failure of these secondary valves was also a cause in fact, this by itself is insufficient to establish that the opening of the valves in the hotel was not a proximate cause of the damage. Defendant's own expert opined that a trained plumber should not have opened valves without knowing to what they were connected. (Pl. Resp. Ex. A, Listvan Dep. 30.) It would be odd to hold as a matter of law that one untrained in plumbing should be given more latitude in opening and leaving open valves in a water system than one trained in such systems. Even the layman knows that opening a valve is likely to have some effect, direct or indirect. Under the circumstances presented, the opening of the valves in the hotel could foreseeably lead to waste or water damage somewhere on the

property and would be a proximate cause of the damage.  Therefore, Plaintiff has shown a genuine issue of material fact concerning causation.

## C.  Damages

The parties agree that damages exist in some nonzero amount; they disagree only as to the appropriate range.  As with the other elements of negligence, it is incumbent upon Plaintiff to prove the quantity of damages as an issue of fact.  *See Refrigerating Equip. Co. v. Finch*, 242 N.W. 217 (Mich. 1932).  In *Bayley Products, Inc., v. American Plastic Products Co.*, 186 N.W.2d 813, 816 (1971), the court summarized the law as follows:

> It is the settled law of this state that the measure of damages to real property, if permanently irreparable, is the difference between its market value before and after the damage.  However, if the injury is reparable, and the expense of repairs is less than the market value, the measure of damages is the cost of the repairs.

*Id.*, *quoted in Strzelecki v. Blaser's Lakeside Industustries of Rice Lake, Inc.*, 348 N.W.2d 311, 312 (Mich. Ct. App. 1971).  It is, therefore, Plaintiff's burden to prove damages through sufficient evidence of the cost of repair or, alternatively, both the diminution of market value and that the damage is irreparable at cost less than the diminution of market value.  Although this is a close case, the court finds that the facts presented, viewed in the light most favorable to Plaintiff, are sufficient to allow a jury to determine a reasonable valuation of the damages suffered if liability is established.  It may well be that Plaintiff will have no admissible evidence to support a finding of damages above the amount suggested by Defendant, however, it would be premature for the court to make such a decision at this time.

9

Finally, failure to mitigate damages is a partial affirmative defense, upon which Defendant bears the burden of proof. *Lawrence v. Will Darrah & Assocs., Inc.*, 516 N.W.2d 43, 49 (Mich. 1994). In this case, the parties dispute both the reasonableness of Plaintiff's attempts to obtain remediation services from Defendant and Defendant's actions relating to Plaintiff's failure to remediate or repair the house. Viewing the facts in the light most favorable to Plaintiff as the nonmoving party, the court cannot say that Defendant must necessarily prevail upon this defense.

Plaintiff has shown that there are genuine issues of material fact regarding all elements of its negligence claim against Defendant. Therefore, Defendant's motion will be denied.

## IV. CONCLUSION

Plaintiff has presented sufficient evidence for a reasonable jury to find that Defendant breached a duty of care when its employee opened valves without knowing the effect and then left the valves open upon completion of the work. Accordingly,

IT IS ORDERED that "Defendant's Motion for Summary Judgment" [Dkt. # 13] is DENIED.

        S/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: December 14, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 14, 2010, by electronic and/or ordinary mail.

        S/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522